1  Peter Afrasiabi Esq. (Bar No. 193336)
        pafrasiabi@onellp.com
2  **ONE LLP**
   4000 MacArthur Boulevard
3  Each Tower, Suite 500
   Newport Beach, CA 92660
4  Phone:      (949) 502-2870
   Facsimile:  (949) 258-5081
5  www.onellp.com

6  Joanna Ardalan, Esq. (Bar No. 285384)
        jardalan@onellp.com
7  **ONE LLP**
   9301 Wilshire Boulevard
8  Penthouse
   Beverly Hills, CA 90210
9  Phone:  (310) 437-8665

10 *Attorneys for Plaintiff, Backgrid USA, Inc.*

11

12                **UNITED STATES DISTRICT COURT**

13                **CENTRAL DISTRICT OF CALIFORNIA**

14

15  BACKGRID USA INC., a California        Case No.: 2:18-cv-4975
    corporation,
16                                         **COMPLAINT FOR:**
             Plaintiff,
17                                         1.  **COPYRIGHT INFRINGEMENT**
    v.                                         **(17 U.S.C. § 501)**
18                                         2.  **DECLARATORY JUDGMENT**
    AU SHOWBIZ, entity type unknown; and
19  DOES 1-10, inclusive,
                                           **DEMAND FOR JURY TRIAL**
20           Defendants.

21

22

23

24

25

26

27

28

---

**COMPLAINT**

1.     Plaintiff, Backgrid USA, Inc., complains against Defendant AU Showbiz, entity unknown ("AU Showbiz") and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

2.     This is a civil action against Defendants for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and for a declaratory judgment that Defendants are restrained from posting Backgrid's photographs on YouTube. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

3.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, the Defendants may be found and transact business in this judicial district, and the injury suffered by Plaintiff took place in this judicial district.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. Specifically, Defendants have filed a DMCA counternotification under 17 U.S.C. § 512(g)(3). This section provides that for the counternotification to be effective, the subscriber must consent to the jurisdiction of the Federal District Court for the judicial district in which the subscriber's address is located or, if the subscriber is located outside of the United States, any judicial district in which the service provider may be found.  On information and belief, Defendants are located outside of the United States, and YouTube, the service provider who received the counternotification, is found in the Central District of California in that it has physical offices and key employees located in the Los Angeles area.

## PARTIES

4.     Plaintiff Backgrid USA, Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

5.     Defendant AU Showbiz, entity type unknown, represents that it is located in Australia. AU Showbiz filed a DMCA counternotification, which declared, under penalty of perjury, that it is located in New South Wales, Australia.

6.     The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*Backgrid and the Photographs that Frame This Dispute*

7.     Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies and has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

8.     Among many other in-demand photographs, Backgrid owns coveted photographs of well-known celebrities such as Justin Bieber, Selena Gomez, and Jamie King, among many others (herein referred to as "Celebrity Photographs"). All rights, title and interest in the Celebrity Photographs, including but not limited to the copyrights thereon, are owned by Backgrid.

9.     The Celebrity Photos are registered within 90 days of their first publication with the United States Copyright Office.

*Defendants and Their Willful Infringing Activity*

10.     Defendant AU Showbiz claims to be an online news provider. On information and belief, its business model is to compile valuable celebrity photographs into a video collage which it posts on its YouTube channel. On information and belief, these infringement collages make AU Showbiz's YouTube channel very valuable to viewers and advertisers, causing it to collect over 30 million views.

3

**COMPLAINT**

11. On information and belief, Defendants are directly responsible for misappropriating the Celebrity Photographs by posting them on the AU Showbiz YouTube account.

12. On information and belief, Defendants have driven significant traffic to the AU Showbiz YouTube in large part due to the presence of the sought after and searched-for celebrity images that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions.

13. Defendants have failed to enter into licenses for its use of the copyrights to photographs, including the Celebrity Photographs that frame this dispute.

14. Specifically, Defendants induced, caused, or materially contributed to the reproduced, distributed and publicly displayed the Celebrity Photos, and derivatives thereof, all while knowing or having reason to know of the infringement on its website was without permission, consent, or license because, inter alia, the Celebrity Photographs are expressly credited with 'Backgrid' when published through legitimate licensed outlets and are professional-grade and high-resolution.

15. On information and belief, Defendants' acts of infringement are willful because, inter alia, the Defendants are sophisticated online publishers with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

16. On or around May 11, 2018, Backgrid caused a DMCA notification to be sent to YouTube with respect to an AU Showbiz video located at www.youtube.com/watch?v=jKFOWgQpmZc. This video contained at least two timely registered infringements of the Celebrity Photographs, in addition to many other infringements of photographs that are, at least, exclusively licensed by Backgrid. A true and correct copy of the DMCA notification is attached as Exhibit A.

17. On or around May 18, 2018, AU Showbiz filed a DMCA counternotification for the infringement located at www.youtube.com/watch?v=jKFOWgQpmZc, claiming that

4

**COMPLAINT**

it had not engaged in copyright infringement and consenting to jurisdiction in any district in which the service provider, YouTube, may be found. A true and correct copy of the counternotification is attached as Exhibit B.

18.     AU Showbiz infringed at least an additional four timely registered infringements of the Celebrity Photographs, in addition to many other infringements of photographs that are, at least, exclusively licensed by Backgrid in a video located at www.youtube.com/watch?v=zh4Dp0krVE0.

19.     In May, 2018, YouTube disabled the AU Showbiz account, because, on information and belief, YouTube received a sufficient number of DMCA takedown notifications with respect to AU Showbiz's account for it to be deemed a "repeat infringer" under YouTube's repeat infringer policy and under Section 512(i), which provides that service provider must adopt and implement a reasonable repeat infringer policy.

20.     On or around May 31, 2018, Backgrid received a demand letter from AU Showbiz claiming that it had been damaged by being disabled on YouTube and demanding that the DMCA takedown notification be retracted.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

21.     Backgrid incorporates here by reference the allegations in paragraphs 1 through 20 above.

22.     Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

23.     Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. *See* VA0002099604, VA0002093296.

24.     Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and

utilizing certain of the Celebrity Photographs for purposes of trade violation of 17 U.S.C. § 501 *et seq.* A true and correct copy of the timely registered Celebrity Photographs which are infringed by Defendants is attached as Exhibit C.

25.    All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

26.    Backgrid has identified at least 6 instances of infringement by way of unlawful reproduction and display of Backgrid's Celebrity photographs (as well as the unlawful facilitation of other's reproduction of its photographs).

27.    As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

28.    Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' infringement and the financial benefit it receives from Backgrid's copyrights.

29.    The wrongful acts of Defendants have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

30.    The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 900,000 in statutory damages for the at-least 6 infringed photographs, in addition to its attorney's fees.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment, 17 U.S.C. 512(g))

31.    Backgrid incorporates here by reference the allegations in paragraphs 1 through 30 above.

32.     An actual controversy exists as to whether AU Showbiz is entitled to post Backgrid's photographs without Backgrid's consent on its YouTube channel.

33.     Backgrid owns or exclusively licenses photographs that were used by AU Showbiz without consent or license. AU Showbiz infringed Backgrid's photographs to drive traffic to its account and derive ill-gotten revenues.

34.     Backgrid herein alleges that AU Showbiz was not entitled to infringe its photographs and that the AU Showbiz account was rightfully terminated by YouTube. As such, Backgrid is entitled to an order enjoining AU Showbiz from infringing its photographs on YouTube. 17 U.S.C. § 512(g).

35.     Defendants' violation of 17 U.S.C. § 501, et al. has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Plaintiff not fully compensable in monetary damages. Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.     The Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Backgrid photographs;

2.     An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

3.     Actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendants' acts, under 17 U.S.C. §§ 504 (a)(1) & (b);

4.      Statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c);

5.      Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

6.      Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 17 U.S.C. § 505;

7.      A declaration that AU Showbiz's has infringed Backgrid's photographs and that AU Showbiz is restrained from posting further infringement on YouTube; and

8.      Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated:  June 4, 2018               **ONE LLP**

                                   By:  /s/ Joanna Ardalan
                                        Joanna Ardalan
                                        Attorneys for Plaintiff,
                                        Backgrid USA, Inc.

**COMPLAINT**

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Backgrid USA, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated:  June 4, 2018                                        **ONE LLP**


By:   /s/ Joanna Ardalan
      Joanna Ardalan
      Attorneys for Plaintiff,
      Backgrid USA, Inc.

9

**COMPLAINT**