# EXHIBIT 1

| **From:** | Robin Golder |
|---|---|
| **To:** | "kemichoice@gmail.com" |
| **Cc:** | Jo Ardalan |
| **Bcc:** | Robin Golder |
| **Subject:** | Backgrid USA, Inc. v. Au Showbiz |
| **Date:** | Wednesday, January 9, 2019 4:06:00 PM |
| **Attachments:** | 2019-01-09 - Letter to K. Adeby.pdf |
| | Complaint, etc..pdf |

Dear Mr. Adeby:

Please see attached.

Thank you.

Robin

**one llp**

*"one vision. one focus.
one law firm."*
www.onellp.com

Robin Golder
Legal Assistant
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
T:  (949) 502-2879 (Direct)
F:  (949) 258-5081
rgolder@onellp.com

*This message and any attached documents contain information from the law firm of One
LLP that may be confidential or privileged. If you are not the intended recipient, you may
not read, copy, distribute, or use this information. If you have received this transmission in
error, please notify me immediately by reply e-mail and then delete this message.*

EXHIBIT 1 - Page 1



9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210

310.866.5157  Tel
310.943.2085  Fax
www.OneLLP.com

Joanna Ardalan

310.437.8665  Direct
jardalan@onellp.com

January 9, 2019

**_VIA EMAIL (kemichoice@gmail.com)_**

Kemmy Adeby
22D Bourke St. North Parramatta
Sydney, NSW 2000 AU

      Re:   ***Backgrid USA, Inc. v. Au Showbiz***

Dear Mr. Adeby:

     We are litigation counsel for Backgrid USA, Inc.  We have filed suit against Au Showbiz for copyright infringement in the Central District of California.  We have attached the complaint and case opening documents here.

     As you know, you submitted DMCA counternotifications to YouTube in response to the DMCA takedown notifications that we submitted for Au Showbiz's copyright infringement over YouTube.  In the counternotifications you agreed to accept service of process from claimant, Backgrid USA, Inc.  *See e.g.* Au Showbiz's counternotification attached.  Moreover, under 17 U.S.C. § 512(g)(3)(D), Au Showbiz, the subscriber, has consented to the jurisdiction of the Federal District Court for the judicial district in which the service provider, YouTube, may be found.  YouTube has a physical presence in Los Angeles, and therefore, Au Showbiz has consented to jurisdiction of the Central District of California.

     In accordance with your consent to service and jurisdiction, please find the attached complaint.  Feel free to contact me, or if Au Showbiz is represented by counsel, please have counsel contact me with any questions.

                 Sincerely,

                 Joanna Ardalan

JA:rg

Enclosures

EXHIBIT 1 - Page 2

We received the attached counter notification in response to a complaint you filed with us.

We're providing you with the counter notification and await evidence (in not more than 10 business days) that you've filed an action seeking a court order against the counter notifier to restrain the allegedly infringing activity. In most cases, such evidence would include a lawsuit against the uploader who filed the counter notification, which names the specific YouTube URL(s) at issue.

If we don't receive notice from you, we may reinstate the material to YouTube.

If you have any questions, please contact copyright@youtube.com.

Counter-Notification as follows:

Videos included in counter-notification:

- http://www.youtube.com/watch?v=3rHDU5iYanc

Display name of uploader: AU Showbiz

Copyright Disclaimer Under Section 107 of the Copyright Act 1976, allowance is made for "fair use" for purposes such as criticism, comment, NEWS reporting, teaching, scholarship, and research. Fair use is a use permitted by copyright statute that might otherwise be infringing.

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

KEMMY ADEBY

22D BOURKE ST NORTH PARRAMATTA

SYDNEY, NSW 2000 AU

kemichoice@gmail.com

0426102980

Help center • Email options • Report spam

©2018 YouTube, LLC 901 Cherry Ave, San Bruno, CA 94066, USA

EXHIBIT 1 - Page 3

1   Peter Afrasiabi Esq. (Bar No. 193336)
      pafrasiabi@onellp.com
2   **ONE LLP**
  4000 MacArthur Boulevard
3   Each Tower, Suite 500
  Newport Beach, CA 92660
4   Phone:    (949) 502-2870
  Facsimile:  (949) 258-5081
5   www.onellp.com

6   Joanna Ardalan, Esq. (Bar No. 285384)
      jardalan@onellp.com
7   **ONE LLP**
  9301 Wilshire Boulevard
8   Penthouse
  Beverly Hills, CA 90210
9   Phone:  (310) 437-8665

10   *Attorneys for Plaintiff, Backgrid USA, Inc.*

11

12           **UNITED STATES DISTRICT COURT**

13           **CENTRAL DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| 15  BACKGRID USA INC., a California corporation, | Case No.: 2:18-cv-4975 |
| 16 | |
| 17      Plaintiff, | **COMPLAINT FOR:** |
|    v. | |
| 18  AU SHOWBIZ, entity type unknown; and | **1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)** |
| 19  DOES 1-10, inclusive, | **2. DECLARATORY JUDGMENT** |
| 20      Defendants. | |
| 21 | **DEMAND FOR JURY TRIAL** |

22

23

24

25

26

27

28

1.      Plaintiff, Backgrid USA, Inc., complains against Defendant AU Showbiz,
entity unknown ("AU Showbiz") and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

2.      This is a civil action against Defendants for copyright infringement under the
Copyright Act, 17 U.S.C. §§ 101 *et seq.* and for a declaratory judgment that Defendants
are restrained from posting Backgrid's photographs on YouTube. This Court has subject
matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28
U.S.C. § 1338(a) and (b).

3.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28
U.S.C. § 1400(a) in that the claim arises in this judicial district, the Defendants may be
found and transact business in this judicial district, and the injury suffered by Plaintiff took
place in this judicial district.  Defendants are subject to the general and specific personal
jurisdiction of this Court because of their contacts with the State of California. Specifically,
Defendants have filed a DMCA counternotification under 17 U.S.C. § 512(g)(3). This
section provides that for the counternotification to be effective, the subscriber must consent
to the jurisdiction of the Federal District Court for the judicial district in which the
subscriber's address is located or, if the subscriber is located outside of the United States,
any judicial district in which the service provider may be found.  On information and
belief, Defendants are located outside of the United States, and YouTube, the service
provider who received the counternotification, is found in the Central District of California
in that it has physical offices and key employees located in the Los Angeles area.

## PARTIES

4.      Plaintiff Backgrid USA, Inc. ("Backgrid") is a California corporation existing
under the laws of California, with its principal place of business located in Redondo Beach,
California.

5.      Defendant AU Showbiz, entity type unknown, represents that it is located in
Australia. AU Showbiz filed a DMCA counternotification, which declared, under penalty
of perjury, that it is located in New South Wales, Australia.

2

Case 2:18-cv-04975-VAP-MRW   Document 1   Filed 06/04/18   Page 3 of 9   Page ID #:3

6.     The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

### *Backgrid and the Photographs that Frame This Dispute*

7.     Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies and has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

8.     Among many other in-demand photographs, Backgrid owns coveted photographs of well-known celebrities such as Justin Bieber, Selena Gomez, and Jamie King, among many others (herein referred to as "Celebrity Photographs"). All rights, title and interest in the Celebrity Photographs, including but not limited to the copyrights thereon, are owned by Backgrid.

9.     The Celebrity Photos are registered within 90 days of their first publication with the United States Copyright Office.

### *Defendants and Their Willful Infringing Activity*

10.     Defendant AU Showbiz claims to be an online news provider. On information and belief, its business model is to compile valuable celebrity photographs into a video collage which it posts on its YouTube channel. On information and belief, these infringement collages make AU Showbiz's YouTube channel very valuable to viewers and advertisers, causing it to collect over 30 million views.

3

11.     On information and belief, Defendants are directly responsible for misappropriating the Celebrity Photographs by posting them on the AU Showbiz YouTube account.

12.     On information and belief, Defendants have driven significant traffic to the AU Showbiz YouTube in large part due to the presence of the sought after and searched-for celebrity images that frame this dispute.  All of this traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions.

13.     Defendants have failed to enter into licenses for its use of the copyrights to photographs, including the Celebrity Photographs that frame this dispute.

14.     Specifically, Defendants induced, caused, or materially contributed to the reproduced, distributed and publicly displayed the Celebrity Photos, and derivatives thereof, all while knowing or having reason to know of the infringement on its website was without permission, consent, or license because, inter alia, the Celebrity Photographs are expressly credited with 'Backgrid' when published through legitimate licensed outlets and are professional-grade and high-resolution.

15.     On information and belief, Defendants' acts of infringement are willful because, inter alia, the Defendants are sophisticated online publishers with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

16.     On or around May 11, 2018, Backgrid caused a DMCA notification to be sent to YouTube with respect to an AU Showbiz video located at www.youtube.com/watch?v=jKFOWgQpmZc. This video contained at least two timely registered infringements of the Celebrity Photographs, in addition to many other infringements of photographs that are, at least, exclusively licensed by Backgrid. A true and correct copy of the DMCA notification is attached as Exhibit A.

17.     On or around May 18, 2018, AU Showbiz filed a DMCA counternotification for the infringement located at www.youtube.com/watch?v=jKFOWgQpmZc, claiming that

4

it had not engaged in copyright infringement and consenting to jurisdiction in any district in which the service provider, YouTube, may be found. A true and correct copy of the counternotification is attached as Exhibit B.

18.    AU Showbiz infringed at least an additional four timely registered infringements of the Celebrity Photographs, in addition to many other infringements of photographs that are, at least, exclusively licensed by Backgrid in a video located at www.youtube.com/watch?v=zh4Dp0krVE0.

19.    In May, 2018, YouTube disabled the AU Showbiz account, because, on information and belief, YouTube received a sufficient number of DMCA takedown notifications with respect to AU Showbiz's account for it to be deemed a "repeat infringer" under YouTube's repeat infringer policy and under Section 512(i), which provides that service provider must adopt and implement a reasonable repeat infringer policy.

20.    On or around May 31, 2018, Backgrid received a demand letter from AU Showbiz claiming that it had been damaged by being disabled on YouTube and demanding that the DMCA takedown notification be retracted.

## FIRST CLAIM FOR RELIEF
## (Copyright Infringement, 17 U.S.C. § 501)

21.    Backgrid incorporates here by reference the allegations in paragraphs 1 through 20 above.

22.    Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

23.    Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. *See* VA0002099604, VA0002093296.

24.    Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and

5

utilizing certain of the Celebrity Photographs for purposes of trade violation of 17 U.S.C. § 501 *et seq.* A true and correct copy of the timely registered Celebrity Photographs which are infringed by Defendants is attached as Exhibit C.

25.     All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

26.     Backgrid has identified at least 6 instances of infringement by way of unlawful reproduction and display of Backgrid's Celebrity photographs (as well as the unlawful facilitation of other's reproduction of its photographs).

27.     As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

28.     Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' infringement and the financial benefit it receives from Backgrid's copyrights.

29.     The wrongful acts of Defendants have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

30.     The above-documented infringements alone would entitle Backgrid to a potential award of up to $ 900,000 in statutory damages for the at-least 6 infringed photographs, in addition to its attorney's fees.

## SECOND CLAIM FOR RELIEF

## (Declaratory Judgment, 17 U.S.C. 512(g))

31.     Backgrid incorporates here by reference the allegations in paragraphs 1 through 30 above.

32.     An actual controversy exists as to whether AU Showbiz is entitled to post Backgrid's photographs without Backgrid's consent on its YouTube channel.

33.     Backgrid owns or exclusively licenses photographs that were used by AU Showbiz without consent or license. AU Showbiz infringed Backgrid's photographs to drive traffic to its account and derive ill-gotten revenues.

34.     Backgrid herein alleges that AU Showbiz was not entitled to infringe its photographs and that the AU Showbiz account was rightfully terminated by YouTube. As such, Backgrid is entitled to an order enjoining AU Showbiz from infringing its photographs on YouTube. 17 U.S.C. § 512(g).

35.     Defendants' violation of 17 U.S.C. § 501, et al. has caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Plaintiff not fully compensable in monetary damages. Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from further such violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.     The Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Backgrid photographs;

2.     An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

3.     Actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendants' acts, under 17 U.S.C. §§ 504 (a)(1) & (b);

7

**COMPLAINT**
EXHIBIT 1 - Page 10

4.      Statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c);

5.      Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

6.      Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 17 U.S.C. § 505;

7.      A declaration that AU Showbiz's has infringed Backgrid's photographs and that AU Showbiz is restrained from posting further infringement on YouTube; and

8.      Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated:  June 4, 2018                                    **ONE LLP**

                                                        By:  /s/ Joanna Ardalan
                                                             Joanna Ardalan
                                                             Attorneys for Plaintiff,
                                                             Backgrid USA, Inc.

8

**COMPLAINT**
EXHIBIT 1 - Page 11

## **DEMAND FOR JURY TRIAL**

Plaintiff Backgrid USA, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated: June 4, 2018                                     **ONE LLP**

                                                        By:  /s/ Joanna Ardalan
                                                            Joanna Ardalan
                                                            Attorneys for Plaintiff,
                                                            Backgrid USA, Inc.

9

**COMPLAINT**
EXHIBIT 1 - Page 12

# EXHIBIT A

EXHIBIT 1 - Page 13

Intellectual Property Complaint - Video ID jKFOWgQpmZc

Case 2:18-cv-04875-VAP-MRW Document 12-1 Filed 06/04/18 Page 15 of 51 Page ID #:67
Case 2:18-cv-04875-VAP-MRW Document 11 Filed 06/04/18 Page 2 of 45 Page ID #:51

**Subject:** Intellectual Property Complaint - Video ID jKFOWgQpmZc
**From:** Okularity <support@okularity.com>
**Date:** 5/11/2018 1:39 PM
**To:** copyright@youtube.com

We represent BackGrid USA, Inc.

The following YouTube video (the "Video") infringes on copyright and/or exclusive rights:

www.youtube.com/watch?v=jKFOWgQpmZc

BackGrid USA, Inc. owns the copyright and/or exclusive license for the set of photographs titled *EXCLUSIVE* Jaime King gets attacked by a crazy man in Beverly Hills. The set was first published on or near 2018-04-04. Photographs from the set were published legitimately here: www.dailymail.co.uk/news/article-5580055/Jaime-King-attacked-Beverly-Hills-man-skateboard.html

The unauthorized use of the photographs in the Video can first be seen at the following timestamps. Photograph URLs, when provided, are strictly for identification purposes only:

Cover photo - Photograph URL (for informational purposes only): i.dailymail.co.uk/i/newpix/2018/04/05/01/4AD53C4700000578-5580055-image-a-25_1522889772909.jpg
00:16 - Photograph URL (for informational purposes only): i.dailymail.co.uk/i/newpix/2018/04/05/02/4AD543DE00000578-5580055-image-a-45_1522890750766.jpg
00:28 - Photograph URL (for informational purposes only): i.dailymail.co.uk/i/newpix/2018/04/05/01/4AD53C4700000578-5580055-image-a-25_1522889772909.jpg
00:36 - Photograph URL (for informational purposes only): i.dailymail.co.uk/i/newpix/2018/04/05/02/4AD5432A00000578-5580055-image-a-44_1522890722773.jpg
00:44 - Photograph URL (for informational purposes only): i.dailymail.co.uk/i/newpix/2018/04/05/01/4AD5418F00000578-5580055-image-a-26_1522889808226.jpg
01:00 - Photograph URL (for informational purposes only): i.dailymail.co.uk/i/newpix/2018/04/05/01/4AD54A6B00000578-5580055-image-a-28_1522889870251.jpg

BackGrid USA, Inc. owns the copyright and/or exclusive license for the set of photographs titled Jaime King in shock after being attacked in Beverly Hills. The set was first published on or near 2018-04-04. Photographs from the set were published legitimately here: www.justjared.com/photos/selena-gomez/143/

The unauthorized use of the photographs in the Video can first be seen at the following timestamps. Photograph URLs, when provided, are strictly for identification purposes only:

00:08 - Photograph URL (for informational purposes only): i.dailymail.co.uk/i/newpix/2018/04/05/01/4AD54C9B00000578-0-image-a-2_1522888613575.jpg
00:52 - Photograph URL (for informational purposes only): i.dailymail.co.uk/i/newpix/2018/04/05/13/4AD5514400000578-5580055-

EXHIBIT 1 - Page 14

King_appeared_to_give_one_policeman_a_hug_after_giving_a_report_-a-13_1522931348623.jpg

You are hereby notified that the unauthorized use of photograph(s) identified above is a violation of the U.S. Copyright Act, 17 U.S.C. § 106. The unauthorized usage affected the potential market and value of the photographs and infringes BackGrid USA, Inc.'s copyright and/or exclusive rights.

As you should know, the Video does not qualify for fair use. The Video lacks significant commentary, if any, which works against a fair use defense. See Murphy v. Millennium Radio Grp. L.L.C., 650 F.3d 295, 307 (3d Cir. 2011) ("The absence of any broader commentary--whether explicit or implicit-- significantly undercuts the argument that [defendant's] use gave any new meaning to the Image. Instead, it appears that [defendants] did not want to go to the trouble of creating their own eye-catching photo but simply appropriated the Image.").

Even if it were the case the Video had used the photographs for a different purpose than how they were published legitimately, the use would still not be transformative. See Monge v. Maya Magazines, Inc., 688 F.3d 1164, 1176 (9th Cir. 2012) ("But even an infringer's separate purpose, by itself, does not necessarily create new aesthetics or a new work that 'alter[s] the first [work] with new expression, meaning or message.' Infinity Broad. Corp. v. Kirkwood, 150 F.3d 104, 108 (2d Cir. 1998) (quoting Campbell, 510 U.S. at 579, 114 S.Ct. 1164). A 'difference in purpose is not quite the same thing as transformation, and Campbell instructs that transformativeness is the critical inquiry under this factor.' Id.").

Further, the minimal cropping of the photograph and inclusion of most or all of the work in the Video is not fair use. "Qualitatively, the minimal cropping of each picture demonstrates that the 'heart' of each individual copyrighted picture was published. Elvis Presley Enters., 349 F.3d at 630 (courts should 'look to see whether the heart of the copyrighted work is taken.')." See Monge, 688 F.3d at 1178.

Finally, the Second Circuit has ruled "an accused infringer has usurped the market for copyrighted works, including the derivative market, where the infringer's target audience and the nature of the infringing content is the same as the original." Cariou v. Prince, 714 F.3d 694 (2d Cir. 2013) cert. denied 134 S. Ct. 618 (2013). Since the photograph(s) have been used in the same manner, to the same audience, and with the same purpose as BackGrid USA, Inc. or its clients use them, the use herein is not fair.

We have fulfilled all elements of notification as defined by § 512(c)(3)(A) of the Digital Millennium Copyright Act, so please remove the Video and take action against the user immediately. If you do not, YouTube may be ineligible for the safe harbor from copyright infringement liability provided by 17 U.S.C. § 512(c).

Nothing contained or omitted from this notification shall be deemed to be an admission, waiver, or limitation of any kind. BackGrid USA, Inc. expressly reserves all of its rights and remedies with respect to this matter.

We have a good faith belief that use of the content described above, in the manner we have

EXHIBIT 1 - Page 15

complained of, is not authorized by the copyright owner and/or its exclusive licensee, its agent, or the law. The information in this notice is accurate. We declare under penalty of perjury that we are authorized to act on behalf of BackGrid USA, Inc.

Signed,
Jon Nicolini

Okularity, Inc.
433 N Camden Dr., 6th Floor
Beverly Hills, CA 90210
United States of America
(323) 745-8444
support@okularity.com

EXHIBIT 1 - Page 16

# EXHIBIT B

EXHIBIT 1 - Page 17

Re: [4-4869000021904] New Copyright Counter-Notification

Case 2:18-cv-04875-VAP-MRW Document 12-1 Filed 01/10/19 Page 19 of 51 Page ID #:71
Case 2:18-cv-04875-VAP-MRW Document 12-1 Filed 06/04/18 Page 2 of 2 Page ID #:95

**Subject:** Re: [4-4869000021904] New Copyright Counter-Notification
**From:** YouTube <copyright@youtube.com>
**Date:** 5/18/2018 9:31 AM
**To:** support@okularity.com



We received the attached counter notification in response to a complaint you filed with us.

We're providing you with the counter notification and await evidence (in not more than 10 business days) that you've filed an action seeking a court order against the counter notifier to restrain the allegedly infringing activity. In most cases, such evidence would include a lawsuit against the uploader who filed the counter notification, which names the specific YouTube URL(s) at issue.

If we don't receive notice from you, we may reinstate the material to YouTube.

If you have any questions, please contact copyright@youtube.com.

Counter-Notification as follows:

Videos included in counter-notification:

- http://www.youtube.com/watch?v=jKFOWgQpmZc

Display name of uploader: AU Showbiz

"Copyright Disclaimer Under Section 107 of the Copyright Act 1976, allowance is made for "fair use" for purposes such as criticism, comment, news reporting, teaching, scholarship, and research. Fair use is a use permitted by copyright statute that might otherwise be infringing. Non-profit, educational or personal use tips the balance in favor of fair use. its non-profit and the songs are credited." or "Copyright Disclaimer Under Section 107 of the Copyright Act 1976, allowance is made for "fair

I swear, under penalty of perjury, that I have a good faith belief the material was removed due to a mistake or misidentification of the material to be removed or disabled.

I consent to the jurisdiction of the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located, and will accept service of process from the claimant.

Kemmy Rachael Adeby

20d Bourke st

North Parammatta, NSW 2151 AU

kemichoice@gmail.com

0426102980

Help center • Email options • Report spam

©2018 YouTube, LLC 901 Cherry Ave, San Bruno, CA 94066, USA

EXHIBIT 1 - Page 18

6/4/2018 6:58 PM

# EXHIBIT C

EXHIBIT 1 - Page 19



EXHIBIT 1 - Page 20



EXHIBIT 1 - Page 21



EXHIBIT 1 - Page 22

Case 2:18-cv-04975-VAP-MRW   Document 1-3   Filed 06/04/18   Page 5 of 22   Page ID #:26



EXHIBIT 1 - Page 23



EXHIBIT 1 - Page 24



EXHIBIT 1 - Page 25

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____CENTRAL_____ District of _CALIFORNIA_____

| | |
|---|---|
| BACKGRID USA INC., a California corporation, | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 2:18-cv-04975-VAP-MRWx |
| AU SHOWBIZ, entity type unknown; and DOES 1-10, inclusive, | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
AU SHOWBIZ

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Joanna Ardalan
One LLP
9301 Wilshire Blvd., Penthouse Suite
Beverly Hills, CA 90210

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: __6/5/2018_____          _Carmen Reyes_____
                                    *Signature of Clerk or Deputy Clerk*

AO-440

EXHIBIT 1 - Page 26

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

EXHIBIT 1 - Page 27

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| | |
|---|---|
| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) |
| BACKGRID USA, INC., a California corporation | AU SHOWBIZ, entity type unknown; and DOES 1-10, inclusive, |

| | |
|---|---|
| **(b) County of Residence of First Listed Plaintiff**   Los Angeles | **County of Residence of First Listed Defendant** |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| | |
|---|---|
| **(c) Attorneys** *(Firm Name, Address and Telephone Number)*  If you are representing yourself, provide the same information. <br> ONE LLP <br> 9301 WILSHIRE BOULEVARD, PENTHOUSE SUITE <br> BEVERLY HILLS, CA 90210 <br> (310) 437-8665 | **Attorneys** *(Firm Name, Address and Telephone Number)*  If you are representing yourself, provide the same information. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding  ☐ 2. Removed from State Court  ☐ 3. Remanded from Appellate Court  ☐ 4. Reinstated or Reopened  ☐ 5. Transferred from Another District (Specify)  ☐ 6. Multidistrict Litigation - Transfer  ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

17 U.S.C. § 501, COPYRIGHT INFRINGEMENT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 376 Qui Tam (31 USC 3729(a)) | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 400 State Reapportionment | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 835 Patent - Abbreviated New Drug Application |
| ☐ 410 Antitrust | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**       Case Number:

EXHIBIT 1 – Page 28

CV-71 (05/17)                    CIVIL COVER SHEET                    Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII.  VENUE**:  Your answers to the questions below will determine the division of the Court to which this case will be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes  ☒ No <br><br> If "no," skip to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1.  Do 50% or more of the defendants who reside in the district reside in Orange Co.? <br><br> *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No <br><br> If "no," skip to Question C.  If "yes," answer Question B.1, at right. | | ☐ NO.  Continue to Question B.2. |
| | B.2.  Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.) <br><br> *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1.  Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? <br><br> *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| ☐ Yes  ☒ No <br><br> If "no," skip to Question D.  If "yes," answer Question C.1, at right. | | ☐ NO.  Continue to Question C.2. |
| | C.2.  Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties?  (Consider the two counties together.) <br><br> *check one of the boxes to the right* ➡ | ☐ YES.  Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO.  Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D:  Location of plaintiffs and defendants? | A. Orange County | B. Riverside or San Bernardino County | C. Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside.  (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| D.1.  Is there at least one answer in Column A? | D.2.  Is there at least one answer in Column B? |
|---|---|
| ☐ Yes  ☒ No <br><br> If "yes," your case will initially be assigned to the <br> SOUTHERN DIVISION. <br><br> Enter "Southern" in response to Question E,  below, and continue from there. <br><br> If "no," go to question D2 to the right. ➡ | ☐ Yes  ☒ No <br><br> If "yes," your case will initially be assigned to the <br> EASTERN DIVISION. <br><br> Enter "Eastern" in response to Question E,  below. <br><br> If "no," your case will be assigned to the WESTERN DIVISION. <br><br> Enter "Western" in response to Question E, below.  ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes  ☒ No |

EXHIBIT Page 29

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court**?        ☒ NO        ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

☒ NO        ☐ YES

If yes, list case number(s): _____

**Civil cases** are related when they (check all that apply):

☐   A. Arise from the same or a closely related transaction, happening, or event;

☐   B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐   C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

☐   A. Arise from the same or a closely related transaction, happening, or event;

☐   B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐   C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

---

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**  /s/ Joanna Ardalan          DATE:  June 4, 2018

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

EXHIBIT 1, Cover Page 30

1　Peter R. Afrasiabi (Bar No. 193336)
　　Email: pafrasiabi@onellp.com
2　**ONE LLP**
　　4000 MacArthur Boulevard
3　Each Tower, Suite 500
　　Newport Beach, CA 92660
4　Telephone: (949) 502-2870
　　Facsimile: (949) 258-5081
5
　　Joanna Ardalan (Bar No. 285384)
6　Email: jardalan@onellp.com
　　**ONE LLP**
7　9301 Wilshire Boulevard
　　Penthouse Suite
8　Beverly Hills, CA 90210
　　Telephone: (310) 437-8665
9　Facsimile: (310) 943-2085

10　*Attorneys for Plaintiff,*
　　*Backgrid USA, Inc.*

11

12　　　　　　　**UNITED STATES DISTRICT COURT**

13　　　　　　　**CENTRAL DISTRICT OF CALIFORNIA**

14

| | |
|---|---|
| BACKGRID USA, INC., a California corporation, | Case No.: |
| Plaintiff, | **CORPORATE DISCLOSURE STATEMENT (FED. R. CIV. P. 7.1 AND LOCAL RULE 7.1-1)** |
| v. | |
| AU SHOWBIZ, entity type unknown; and DOES 1-10, inclusive, | |
| Defendants. | |

---

**CORPORATE DISCLOSURE STATEMENT**
EXHIBIT 1 - Page 31

1    Pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, the

2    undersigned counsel for Plaintiff Backgrid USA, Inc. ("Backgrid") certifies and states as

3    follows:  Backgrid has no parent corporation, and no publicly held company owns 10% or

4    more of its stock.

5

6    Dated:  June 4, 2018                                  **ONE LLP**

7

8                                                          By:   /s/ Joanna Ardalan
                                                                 Joanna Ardalan
9                                                                Attorneys for Plaintiff,
                                                                 Backgrid USA, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
**CORPORATE DISCLOSURE STATEMENT**

EXHIBIT 1 - Page 32

NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY(S)
OR OF PARTY APPEARING IN PRO PER

Joanna Ardalan (Bar No. 285384)
ONE LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
(310) 437-8665

ATTORNEY(S) FOR: Plaintiff Backgrid USA, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| BACKGRID USA INC., a California corporation, | CASE NUMBER: |
|---|---|
| Plaintiff(s), | |
| v. | |
| AU SHOWBIZ, entity type unknown; and DOES 1-10, inclusive, | **CERTIFICATION AND NOTICE OF INTERESTED PARTIES** (Local Rule 7.1-1) |
| Defendant(s) | |

TO:     THE COURT AND ALL PARTIES OF RECORD:

The undersigned, counsel of record for  Backgrid USA, Inc.
or party appearing in pro per, certifies that the following listed party (or parties) may have a pecuniary interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

(List the names of all such parties and identify their connection and interest. Use additional sheet if necessary.)

| PARTY | CONNECTION / INTEREST |
|---|---|
| Backgrid USA, Inc. | Plaintiff |
| AU Showbiz | Defendant |

June 4, 2018
Date

/s/ Joanna Ardalan
Signature

Attorney of record for (or name of party appearing in pro per):

Plaintiff Backgrid USA, Inc.

AO 121 (Rev. 06/16)

| TO:<br><br>**Register of Copyrights**<br>**U.S. Copyright Office**<br>**101 Independence Ave. S.E.**<br>**Washington, D.C. 20559-6000** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |
|---|---|

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| [X] ACTION    [ ] APPEAL | COURT NAME AND LOCATION<br>United States District Court, Central District of California |
|---|---|
| DOCKET NO. | DATE FILED |
| PLAINTIFF<br>BACKGRID USA INC., a California corporation, | DEFENDANT<br>AU SHOWBIZ, entity type unknown; and DOES 1-10, inclusive, |

| | COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|---|
| 1 | VA0002093296 | Jaime King in shock after being attacked in Beverly Hills - set number BGUS_1193862 -24 images. [Group registration of published photographs, 24 photographs, 2018-04-04 to 2018-04-04] | Roberto Maciel |
| 2 | VA0002099604 | Group Registration Photos, *PREMIUM-EXCLUSIVE* Justin Bieber and Selena kiss again!! - set number BGUS_1074516 - 71 images, published 2017-11-30 | Greg Bramwell |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>[ ] Amendment    [ ] Answer    [ ] Cross Bill    [ ] Other Pleading | |
|---|---|---|
| COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | | |
| 2 | | |
| 3 | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>[ ] Order    [ ] Judgment | WRITTEN OPINION ATTACHED<br>[ ] Yes    [ ] No | DATE RENDERED |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

**DISTRIBUTION:**    1) Upon initiation of action, mail copy to Register of Copyrights    2) Upon filing of document adding copyright(s), mail copy to Register of Copyrights    3) Upon termination of action, mail copy to Register of Copyrights

4) In the event of an appeal, forward copy to Appellate Court    5) Case File Copy

EXHIBIT 1 - Page 34

AO-121

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to:

District Judge **Virginia A. Phillips**
Magistrate Judge **Michael R. Wilner**

The case number on all documents filed with the Court should read as follows:

### 2:18–cv–04975 VAP (MRWx)

Most district judges in the Central District of California refer all discovery-related motions to the assigned magistrate judge pursuant to General Order No. 05-07. If this case has been assigned to Judge Manuel L. Real, discovery-related motions should generally be noticed for hearing before the assigned district judge. Otherwise, discovery-related motions should generally be noticed for hearing before the assigned magistrate judge. Please refer to the assigned judges' Procedures and Schedules, available on the Court's website at www.cacd.uscourts. gov/judges-requirements, for additional information.

Clerk, U.S. District Court

_June 5, 2018_
Date

By _/s/ Carmen Reyes_
Deputy Clerk

## ATTENTION

*The party that filed the case-initiating document in this case (for example, the complaint or the notice of removal) must serve a copy of this Notice on all parties served with the case-initiating document. In addition, if the case-initiating document in this case was electronically filed, the party that filed it must, upon receipt of this Notice, promptly deliver mandatory chambers copies of all previously filed documents to the newly assigned-district judge. See L.R. 5-4.5. A copy of this Notice should be attached to the first page of the mandatory chambers copy of the case-initiating document.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER: |
|---|---|
| BACKGRID USA, INC.<br><br>Plaintiff(s) | 2:18–cv–04975–VAP–MRW |
| v.<br><br>AU SHOWBIZ, et al.<br><br>Defendant(s). | **NOTICE TO PARTIES OF<br>COURT–DIRECTED ADR PROGRAM** |

## NOTICE TO PARTIES:

It is the policy of this Court to encourage settlement of civil litigation when such is in the best interest of the parties. The Court favors any reasonable means, including alternative dispute resolution (ADR), to accomplish this goal. *See* L.R. 16-15. Unless exempted by the trial judge, parties in all civil cases must participate in an ADR process before trial. *See* L.R. 16-15.1.

The district judge to whom the above-referenced case has been assigned is participating in an ADR Program that presumptively directs this case to either the Court Mediation Panel or to private mediation. *See* General Order No. 11-10, §5. For more information about the Mediation Panel, visit the Court website, www.cacd.uscourts.gov, under "ADR."

Pursuant to L.R. 26-1(c), counsel are directed to furnish and discuss with their clients the attached ADR Notice To Parties *before* the conference of the parties mandated by Fed.R.Civ.P. 26(f). Based upon the consultation with their clients and discussion with opposing counsel, counsel must indicate the following in their Joint 26(f) Report: 1) whether the case is best suited for mediation with a neutral from the Court Mediation Panel or private mediation; and 2) when the mediation should occur. *See* L.R. 26-1(c).

At the initial scheduling conference, counsel should be fully prepared to discuss their preference for referral to the Court Mediation Panel or to private mediation and when the mediation should occur. The Court will enter an Order/Referral to ADR at or around the time of the scheduling conference.

Clerk, U.S. District Court

 June 5, 2018 
Date

By  /s/ *Carmen Reyes*   
Deputy Clerk

---

ADR–08 (04/18)          **NOTICE TO PARTIES OF COURT–DIRECTED ADR PROGRAM**

EXHIBIT 1 - Page 36

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO PARTIES: COURT POLICY ON SETTLEMENT
## AND USE OF ALTERNATIVE DISPUTE RESOLUTION (ADR)
### Counsel are required to furnish and discuss this Notice with their clients.

Despite the efforts of the courts to achieve a fair, timely and just outcome in all cases, litigation has become an often lengthy and expensive process. For this reason, it is this Court's policy to encourage parties to attempt to settle their disputes, whenever possible, through alternative dispute resolution (ADR).

ADR can reduce both the time it takes to resolve a case and the costs of litigation, which can be substantial. ADR options include mediation, arbitration (binding or non-binding), neutral evaluation (NE), conciliation, mini-trial and fact-finding. ADR can be either Court-directed or privately conducted.

The Court's ADR Program offers mediation through a panel of qualified and impartial attorneys who will encourage the fair, speedy and economic resolution of civil actions. Panel Mediators each have at least ten years of legal experience and are appointed by the Court. They volunteer their preparation time and the first three hours of a mediation session. This is a cost-effective way for parties to explore potential avenues of resolution.

This Court requires that counsel discuss with their clients the ADR options available and instructs them to come to the initial scheduling conference prepared to discuss the parties' choice of ADR option. The ADR options available are: a settlement conference before the magistrate judge assigned to the case or the magistrate judge in Santa Barbara, the Court Mediation Panel, and private mediation. Counsel are also required to indicate the client's choice of ADR option in advance of the initial scheduling conference. *See* L.R. 26-1(c) and Fed.R.Civ.P. 26(f).

Clients and their counsel should carefully consider the anticipated expense of litigation, the uncertainties as to outcome, the time it will take to get to trial, the time an appeal will take if a decision is appealed, the burdens on a client's time, and the costs and expenses of litigation in relation to the amounts or stakes involved.

Each year thousands of civil cases are filed in this district, yet typically no more than one percent go to trial. Most cases are settled between the parties, voluntarily dismissed, resolved through Court-directed or other forms of ADR, or dismissed by the Court as lacking in merit or for other reasons provided by law.

For more information about the Court's ADR Program, the Mediation Panel, and the profiles of mediators, visit the Court website, www.cacd.uscourts.gov, under "ADR."

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BACKGRID USA, INC. | Case No. |
| Plaintiff, | 2:18–cv–04975–VAP–MRW |
| v. | |
| AU SHOWBIZ, et al. | **STANDING ORDER** |
| Defendant. | |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE**

**AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to the calendar of Judge Virginia A. Phillips.

The responsibility for the progress of litigation in the Federal Courts falls not only upon the attorneys in the action, but upon the Court as well. To secure the just, speedy, and inexpensive determination of every action, (Fed. R. Civ. P. 1), all counsel are hereby ordered to become familiar with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

//

//

EXHIBIT 1 - Page 38
1

The Court further orders as follows:

**1.      Service of the Complaint.**    The Plaintiff shall serve the Complaint promptly in accordance with Fed. R. Civ. P. 4 and Local Rule 5-3 and file the proofs of service pursuant to Local Rule 5-4.

**2.      Proposed Orders.**    Each party filing or opposing a motion or seeking the determination of any matter shall serve and file a proposed order which sets forth the relief or action sought.

**3.      Presence of Lead Counsel.    <u>All lead trial counsel must attend, in person, any scheduling and pretrial conferences set by the Court.</u>** Failure of lead trial counsel to appear for those proceedings is a basis for sanctions.

**4.      Motions.**    Motions shall be filed and set for hearing in accordance with Local Rule 6-1. Motions will be heard on Mondays commencing at 2:00 p.m. If Monday is a national holiday, this Court does not hear motions on the succeeding Tuesday. Any motion noticed for a holiday shall automatically be set to the next Monday without further notice to the parties. Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages. Only in rare instances, and for good cause shown, will the Court agree to extend these page limitations. When citing to legal databases, counsel should cite to Westlaw rather than Lexis. If Lexis, or some other legal database, is the only database that contains a cited opinion, counsel citing to that opinion must submit a copy of it (or the relevant portions if lengthy) along with the motion or opposition.

1       If documentary evidence in support of or in opposition to a motion exceeds

2  50 pages, the evidence shall be separately bound, tabbed, and include an index. If

3  such evidence exceeds 200 pages, the evidence shall be placed in a Slant D-Ring

4  binder, include an index, and each item of evidence shall be separated by a tab

5  divider on the right side.

6

7       Unless clearly justified under the circumstances of the case, "motions to

8  dismiss or in the alternative for summary adjudication" are discouraged. These

9  composite motions tend to blur the legitimate distinction[s] between the two

10  motions, which have different purposes. Frequently, the composite motions

11  introduce evidence that is extrinsic to the pleadings. On the one hand, such

12  evidence is improper for consideration in a Fed. R. Civ. P. 12(b)(6) motion,

13  while on the other hand, treatment of the motion as a Rule 56 motion frequently

14  results in reasonable invocation of Rule 56(f) by the non-moving party.

15

16       Moreover, Rule 12(b)(6) motions are discouraged unless counsel has a good

17  faith belief that such motion will likely result in dismissal, without leave to amend,

18  of all or at least some of the claims under applicable law.

19

20      **Motions for Summary Judgment or Partial Summary Judgment:** No party

21  may file more than one motion pursuant to Fed. R. Civ. P. 56 regardless of whether

22  such motion is denominated as a motion for summary judgment or summary

23  adjudication. Parties offering evidence in support of, or in opposition to, a Rule 56

24  motion must cite to specific page and line numbers in depositions and paragraph

25  //

26  //

Revised on December 22, 2017      EXHIBIT 1 - Page 40

3

numbers in affidavits. Furthermore, such evidence must be authenticated properly. The Court directs the parties to become familiar with *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The moving party's brief shall also be accompanied by a statement of undisputed facts ("SUF").

The SUF shall be presented in a table format and include the following columns:

a. The first column shall contain the number of the fact alleged to be undisputed. Only facts should be listed, not legal arguments.

b. The second column shall contain a plain statement of the fact. **Facts shall not be compound.** If, for instance, the required response is that the fact is disputed in part, the fact is compound. Further, neither legal arguments nor conclusions constitute facts.

c. The third column shall contain a citation to admissible evidence the party believes supports the proffered fact.

For example:

| Pl.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶ 4. |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7; Decl. of Plaintiff's Expert ¶ 14. |
| .   .   . | .   .   . | .   .   . |

Revised on December 22, 2017

EXHIBIT 1 - Page 41
4

The party opposing the summary judgment motion shall include with its opposition a statement of genuine issues that includes the moving party's table; but the opposing party shall add a fourth column to the moving table identifying those facts that are in dispute, briefly explaining the dispute, and citing the evidence supporting the dispute. The opposing party shall not set forth legal objections in the statement of genuine issues.

For example:

| Pl.'s SUF No. | Fact | Supporting Evidence | Def.'s Response |
|---|---|---|---|
| 1. | Plaintiff was driving her car when she went through the intersection. | Decl. of Plaintiff ¶ 2. | Undisputed |
| 2. | The light was green when Plaintiff went through the intersection. | Decl. of Plaintiff ¶ 4. | Disputed. The light was red when Plaintiff traveled through the intersection. (Decl. of Defendant ¶ 6.) |
| 3. | Plaintiff was driving at 35 miles per hour when she traveled through the intersection. | Decl. of Plaintiff ¶ 7; Decl. of Plaintiff's Expert ¶ 14. | Disputed. Plaintiff was driving 52 miles per hour when she went through the intersection. (Decl. of Defendant's Expert ¶ 9.) |
| . . . | . . . | . . . | . . . |

If a party fails to dispute a fact properly by offering evidence that does not contradict the proffered fact, the Court will deem the fact undisputed for purposes of the motion. *See* Fed. R. Civ. P. 56(e)(2), L.R. 56-3.

EXHIBIT 1 - Page 42
5

If the party opposing the summary judgment motion wishes to include its own set of undisputed facts, it may include them in a second table at the end of its statement of genuine issues. The opposing party's undisputed facts shall be set forth in the same manner as the moving party's SUF.

For example:

| Def.'s SUF No. | Fact | Supporting Evidence |
|---|---|---|
| 1. | The tires on Plaintiff's car had only 1 millimeter of tread remaining at the time of the accident. | Decl. of Mechanic ¶ 5. |
| . . . | . . . | . . . |

If either party fails to provide a pincite to the supporting evidence, the Court will deem the proffered fact (or dispute) unsupported. *See generally Christian Legal Soc. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) ("Judges are not like pigs, hunting for truffles buried in briefs." (quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)) (alteration omitted)))).

Additionally, parties shall file any legal objections to the other party's proffered evidence under separate cover.

//

//

//

**5. Withdrawal or Non-Opposition of Motions:** In the event that the parties are able to resolve a pending motion, *they must notify the Court approximately one week before the hearing date.* Sanctions may issue for failure to comply with this requirement, or the broader requirement in Local Rule 7-16 that any party who intends either to withdraw a motion, to not oppose a motion, or to seek a continuance of the hearing date for a motion, **must notify the court by noon on the Tuesday preceding the hearing date.**

**6. Electronic filing.** As of January 1, 2008, the United States District Court for the Central District of California implemented mandatory electronic filing ("e-filing") of documents in all new and pending civil cases. Information about the Court's Electronic Case Filing system, is available on the Court's website at www.cacd.uscourts.gov/cmecf.

The "e-filing" of all documents required to be "e-filed" in this matter pursuant to General Order No. 10-07 and Local Rule 5-4 shall be completed by *4:00 p.m. on the date due*. Any documents "e-filed" after 4:00 p.m. on the date due will be considered **untimely.** Any documents that fail to comply with Local Rule 5-4, and particularly Local Rule 5-4.3.1 may be rejected.

**7. Mandatory chambers copies.** The Court requires ONE mandatory chambers copy of ONLY the following filed documents:

    **a.** **Motions and related documents;**

    **b.** ***Ex parte* applications and related documents;**

Such chambers copies shall be delivered to the "Courtesy Box," located outside of Clerk's Office at the First Street Court House, 350 West 1st Street, 4th Floor,

EXHIBIT 1 - Page 44
7

1  Los Angeles, California 90012, no later than 5:00 p.m. on the day following

2  "e-filing." All chambers copies shall comply fully with the document formatting

3  requirements of Local Rules 5-4, 11-3, and 11-4 including the "pre-punching,"

4  "backing," and "tabbing" requirements of Local Rules 11-3.5, 11-4.1, and 11-5.3,

5  respectively. If the filing party and their counsel fail to deliver a mandatory

6  chambers copy in full compliance with this Order and Local Rule 11-3, the

7  Court may, on its own motion, reschedule any related hearing, as well as

8  imposing sanctions.

9

10  **8.** **Discovery.** All discovery matters have been referred to a United

11  States Magistrate Judge (see initial designation following the case number) to hear

12  all discovery disputes. The words "DISCOVERY MATTER" shall appear in the

13  caption of all documents relating to discovery to insure proper routing. Counsel are

14  directed to contact the Magistrate Judge Courtroom Deputy Clerk for the assigned

15  Magistrate Judge to schedule matters for hearing.

16

17  The decision of the Magistrate Judge shall be final, subject to modification by

18  the District Court only where it has been shown that the Magistrate Judge's order is

19  clearly erroneous or contrary to law.

20

21  Any party may file and serve a motion for review and reconsideration before

22  this court. The party seeking review must do so within ten (10) days of service upon

23  the party of a written ruling or within ten (10) days of an oral ruling that the

24  Magistrate Judge states will not be followed by a written ruling. The motion must

25  specify which portions of the text are clearly erroneous or contrary to law and the

26  claim must be supported by points and authorities. A copy of the moving papers

1   and responses shall be delivered to the Magistrate Judge's clerk for review upon

2   the filing of the required documents.

3

4       **9.    *Ex Parte* Applications.**    *Ex parte* applications are considered on the

5   papers and are not usually set for hearing. Counsel are advised that this Court

6   allows *ex parte* applications solely for extraordinary relief -- sanctions may be

7   imposed for misuse of *ex parte* applications. *See In re Intermagnetics Am., Inc.*,

8   101 B.R. 191 (Bankr. C.D. Cal. 1989). Counsel also should become familiar with

9   *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488

10  (C.D. Cal. 1995), regarding *ex parte* applications.

11

12      Counsel's attention is directed to Local Rule 7-19. The moving party shall

13  serve the opposing party by electronic mail or hand delivery and shall notify the

14  opposing party that opposing papers must be filed not later than twenty-four hours

15  following such electronic mail or hand service. The moving party's declaration in

16  support of an *ex parte* application shall show compliance with Local Rule 7-19

17  and this Order, failing to follow the Local Rules and this Order will result in the

18  application being DENIED. If counsel does not intend to oppose an *ex parte*

19  application, they must so inform the Courtroom Deputy Clerk, (213) 894-3480.

20  As with all motion papers, counsel must deliver a conformed courtesy copy of

21  the papers to the "Courtesy Box," located outside the First Street Court House

22  Clerk's Office at 350 W. 1st Street, 4th Floor, Los Angeles, California 90012.

23  Counsel will be notified by the Courtroom Deputy Clerk of the Court's ruling or

24  of a hearing time and date should the Court determine that a hearing is necessary.

25

26      **10.    Class Actions.**    Notwithstanding Local Rule 23-3, the deadline for

EXHIBIT 1 - Page 46
9

1 the filing of a motion for class certification will be set during the Scheduling

2 Conference and/or in a Scheduling Order. **NO REQUEST FOR RELIEF FROM**

3 **LOCAL RULE 23-3 IS NECESSARY.**

4

5     **11.**    **Stipulations.**    Stipulations extending scheduling dates set by this

6 Court are not effective unless approved by the Court. Counsel requesting a

7 continuance must submit a stipulation, with a detailed declaration of the basis for

8 the requested continuance or extension of time, and a proposed order. Continuances

9 will be granted only upon a showing of good cause, focusing on the diligence of the

10 party seeking the continuance and any prejudice that may result if the continuance

11 is denied. Any continuances that are requested without an accompanying

12 declaration will be rejected without notice to the parties. The Court sets **firm** trial

13 dates and will not change them without a showing of good cause.

14

15     **12.**    **Applications to File Under Seal.**    Parties are reminded that court

16 proceedings are presumptively public, and no document shall be filed under seal

17 without request for a court order that is narrowly tailored to cover only the

18 document, the particular portion of the document, or category of documents for

19 which good cause exists for filing under seal. To that end, all documents to be filed

20 under seal and all Applications for Leave to File Under Seal must be filed filed

21 electronically using the Court's CM/ECF System, unless otherwise indicated by

22 L.R. 79-5 or exempted from electronic filing pursuant to L.R. 5-4.2.

23

24     If the sole ground for the sealing order is that the opposing party (or non-party)

25 has designated the document as confidential, the opposing party (or non-party) shall

26 file a declaration establishing good cause for the sealing along with a proposed

order, or shall withdraw the designation. The declaration shall be filed within five days of service on the opposing party (or non-party) of the request for a sealing order. If the declaration is not filed as required, the Court may order that the document be filed in the public record.

**Use of Sealed Documents in Motion Papers:** The Court cautions parties that documents designated as confidential that are attached as exhibits to case-dispositive motions, or redacted portions of case-dispositive briefs that contain confidential information, must meet the high "compelling reasons" threshold. *See Kamakana v. City of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). A good cause showing, without more, will not satisfy a compelling reasons test, but will only suffice to maintain the confidentiality of documents attached to *non-dispositive* motions. Documents designated as confidential in conjunction with case-dispositive motions or briefs that do not satisfy the compelling reasons test may accordingly be re-designated as public information upon proper request. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003).

**Use of Sealed or Confidential Documents at Trial:** Notwithstanding any provision of a protective order to the contrary, any document, whether previously designated confidential or previously sealed, will be unsealed and will lose its confidential status if offered as an exhibit at trial, absent a showing of the "most compelling" reasons. *See Manual for Complex Litigation* § 21.432; Foltz, 331 F.3d at 1135-36. Any party believing that a document, portions thereof, or witness testimony should remain confidential or sealed during trial must request in advance of trial that the court take extraordinary measures, such as closing the courtroom to the public or sealing the trial transcript, to protect the

confidentiality of that information. The request must be made in writing and filed no later than the date on which pretrial papers are due.

If previously sealed documents are ordered unsealed for use at trial, counsel for the party offering the document as evidence shall, within two business days of the conclusion of the trial, identify which entries on the docket represent the exhibits actually received. Counsel are required to cooperate with the deputy clerk in order to complete the unsealing process in cases involving voluminous sealed documents.

**13.      Removed Actions.**    Any answers filed in state court must be re-filed in this Court (separately) as a supplement to the petition. Any pending motions must be re-noticed in accordance with Local Rule 6-1.

**14.      Communications with Chambers.**    Counsel shall not attempt to contact the Court or its Chambers staff by telephone or by any other *ex parte* means. Counsel must list their facsimile transmission numbers along with their telephone numbers on their papers.

**15.      Notice of this Order.**    Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by noticed removal, the removing defendant shall serve this Order on all other parties.

//

//

1      **16.**    **Internet Site.**    Counsel are directed to review the Central

2  District's website for additional information. The address is

3  "http://www.cacd.uscourts.gov".

4

5    **IT IS SO ORDERED.**

6

7  DATED: June 8, 2018

8                          Virginia A. Phillips
                               Chief United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26